*518
 
 OPINION OF THE COURT
 

 Bellacosa, J.
 

 The majority at the Appellate Division ordered a new trial in this case on the ground that the trial court improperly relieved assigned defense counsel during the course of the trial. Defendant proceeded with the rest of the trial
 
 pro se
 
 and was convicted. We must decide whether waiver of right to counsel principles apply, and whether the procedural protocols associated with that concept were observed. This is a People’s appeal, brought to this Court pursuant to permission granted by a dissenting Justice at the Appellate Division.
 

 A jury found defendant guilty of criminal sale of a controlled substance in the third degree. At various points prior to and during the trial, defendant expressed dissatisfaction with his assigned counsel, complaining that the lawyer was not representing his interests satisfactorily. Defendant repeatedly requested new assigned counsel. He also maintained steadfastly that he could not represent himself
 
 pro se.
 
 The court denied each request for new counsel, as the case and then the trial unfolded.
 

 During trial, defendant’s counsel added his request that he be relieved of the assignment. The attorney stated that defendant had threatened him during a recess by exclaiming that, if convicted, he would put a knife in the attorney’s head. The record exchanges, made in open court between the Trial Judge and the defendant show:
 

 “the court: I told you, Mr. Smith, that that’s the only legal counsel you’re going to get. Now, you have no right — and I have no reason to disbelieve Mr. Kury, as an officer of the Court, if he told me you said something. So it looks like you don’t want Mr. Kury. So I’m going to let you proceed without Mr. Kury as your attorney. He will sit back there and if you want to ask him a question, he will give you legal advice. If you think you know how to conduct a cross-examination, you can do it, but you’re not going to abuse attorneys.
 

 “the dependant: I’m not going to abuse attorneys, but it’s all right for an attorney to abuse me?
 

 
 *519
 
 “the court: In what manner are you claiming that he abused you?
 

 “the defendant: In what manner are you saying I abused him?
 

 “the court: If he tells me that you threatened him, as an officer of the Court, I believe him. Are you telling me that he threatened you?
 

 “the defendant: No, but I didn’t threaten him either. I just told the man it’s like there’s two D.A.’s in here.
 

 “the court: I’m sure Mr. Kury will accept your apology if you want him to continue as your attorney.
 

 “the defendant: No, there’s two D.A.’s in here.
 

 “the court: That’s your opinion. I don’t see two D.A.’s in here.
 

 “the defendant: Not on paper, but other than that.
 

 “the court: And you don’t want him? You’re discharging him?
 

 “the defendant: Now you’re discharging him, I’m not discharging him.
 

 “mr. kury: Your Honor, I am—
 

 “the court: I’m relieving him. He doesn’t have to take this abuse, I’m relieving him.”
 

 Defendant then personally took up the cross-examination of the police officer who had been testifying prior to this interruption. Defendant completed the trial
 
 pro se,
 
 with the former counsel serving as a legal advisor.
 

 On defendant’s appeal from the conviction, the Appellate Division concluded that the trial court had not adequately warned defendant as to the risks of proceeding
 
 pro se
 
 and that defendant’s implied waiver of his right to counsel was thus rendered ineffective. The Appellate Division reversed and ordered a new trial. Two dissenting Justices disagreed and would have affirmed the conviction. They concluded that the trial court did not err, in light of defendant’s threat, when it compelled defendant to choose between continuing with assigned counsel and proceeding
 
 pro se.
 
 In their view, defendant’s conduct rose to the level of and constituted a forfeiture of the right to counsel, by operation of law.
 

 
 *520
 
 This Court has recognized that defendants may insist on foregoing the benefits associated with the right to counsel and proceeding on a
 
 pro se
 
 basis. We have consistently also cautioned, however, that the waiver of this fundamental right to counsel requires that a trial court must be satisfied that a defendant’s waiver is unequivocal, voluntary and intelligent; otherwise the waiver will not be recognized as effective
 
 (see, People v Slaughter,
 
 78 NY2d 485;
 
 People v Sawyer,
 
 57 NY2d 12,
 
 rearg dismissed
 
 57 NY2d 776,
 
 cert denied
 
 459 US 1178 [1983]).
 

 To ascertain whether a waiver meets these appropriately rigorous requirements, the trial courts “ ‘should undertake a sufficiently “searching inquiry” ’ ” in order to be “ ‘reasonably certain’ ” that a defendant appreciates the “ ‘ “dangers and disadvantages” of giving up the fundamental right to counsel’ ”
 
 (People v Slaughter, supra,
 
 at 491;
 
 see, People v Sawyer, supra,
 
 at 21, citing
 
 Faretta v California,
 
 422 US 806, 835;
 
 compare, People v Smith,
 
 68 NY2d 737 [involving a defendant’s request to proceed
 
 pro se]).
 
 Governing principles demand that appropriate record exploration between the trial court and defendant be conducted, both to test an accused’s understanding of the waiver and to provide a reliable basis for appellate review
 
 (see, People v Sawyer, supra,
 
 at 21).
 

 When a record lacks the requisite “searching inquiry” or fails to measure up to the prescribed standards, a waiver of the right to counsel will be deemed ineffective
 
 (see, id.; People v Slaughter, supra).
 
 To pass muster, a “searching inquiry” must reflect record evidence that defendants know what they are doing and that choices are exercised “ ‘with eyes open’ ”
 
 (see, Faretta v California, supra,
 
 at 835, quoting
 
 Adams v United States ex rel. McCann,
 
 317 US 269, 279).
 

 This Court has also signified that these record exchanges should affirmatively disclose that a trial court has delved into a defendant’s age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver
 
 (see, People v McIntyre,
 
 36 NY2d 10, 17). To be sure, this dialogue may occur in a nonformalistic, flexible manner, but it must accomplish the goals of adequately warning a defendant of the risks inherent in proceeding
 
 pro se,
 
 and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication
 
 (see, People v Kaltenbach,
 
 60 NY2d 797, 799;
 
 see also, United States v Plattner,
 
 330 F2d 271, 276-277).
 
 Plattner
 
 emphasizes that the outline of the procedure to be followed is
 
 *521
 
 made for the use and guidance of Trial Judges, rather than as a rigidly applied formula, a protocol we fully endorse.
 

 When a trial court deems a defendant’s refusal to cooperate with counsel
 
 (People v Slaughter, supra)
 
 or refusal to accept assigned counsel
 
 (People v Sawyer, supra)
 
 to be a waiver of the right to counsel, the “searching inquiry” prerequisite is not satisfied simply by repeated judicial entreaties that a defendant persevere with the services of assigned counsel, or by judicial observations that a defendant’s interests are probably better served through a lawyer’s representation
 
 (see, id,.,
 
 at 21). Nor is the “searching inquiry” protocol met by a trial court reassuring a defendant that a relieved attorney will nevertheless remain nearby to offer side-bar legal advice
 
 (see, People v Slaughter, supra,
 
 at 492).
 

 It is not necessary to, in this case, address forfeiture concepts, urged by the dissenting opinion at the Appellate Division. While egregious conduct by defendants can lead to a deemed forfeiture of the fundamental right to counsel, that analysis is not pertinent to this case
 
 (see, People v Gilchrist,
 
 239 AD2d 306,
 
 lv denied
 
 91 NY2d 834). The trial court did not resolve this matter on an extreme, last-resort forfeiture analysis, and defendant’s appeal did not proceed to the Appellate Division on that theory.
 

 In this case, the Trial Judge engaged in a waiver-textured colloquy, similar to that presented in
 
 People v Sawyer
 
 and
 
 People v Slaughter.
 
 The trial court here offered defendant a choice to apologize and retain assigned counsel, or proceed
 
 pro se.
 
 That choice connotes something short of forfeiture and, instead, indicates a waiver analysis. Thus, the trial court’s action triggered a “searching inquiry” prerequisite to particularize defendant’s understanding of the “dangers and disadvantages” of proceeding
 
 pro se (see, People v Slaughter, supra; People v Sawyer, supra).
 

 Since this record does not reflect fulfillment of the requisite probativeness at any time prior to the trial court’s discharge of assigned counsel in the midst of the cross-examination of a People’s witness, the Appellate Division majority correctly classified, analyzed and resolved this case on the waiver ground. This Court need go no further to resolve this appeal.
 

 It is fair to note, however, that the trial colloquy, at several points in this record, regarding the possibility of defendant proceeding
 
 pro se,
 
 indicates that the Trial Judge made caution
 
 *522
 
 ary or encouraging statements to defendant about the fact that defendant had a right to an attorney, that defendant could “spend [his] time in [the] library and do it [himself]” or his attorney could represent him, that his assigned counsel was “excellent”, and that the assigned counsel was “as good as [defendant was] going to get”. Nonetheless, the trial court failed to explore and expose the key admonition that is designed to pointedly alert a defendant of potential
 
 pro se
 
 representation pitfalls and responsibilities. Indeed, the fact that defendant indicated that he was not willing or able to represent himself is not a satisfactory substitute for the trial court conducting a “searching inquiry”; rather, on this record, that feature highlights the need for the plainest examination of defendant’s understanding of the pertinent prerequisites before surrendering this counsel right
 
 (see, People v Sawyer, supra).
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick and Wesley concur.
 

 Order affirmed.