■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC M. DUFFY, Appellant. [713 NYS2d 589] —Judgment unanimously reversed on the law and new trial granted. Memorandum: The verdict finding defendant guilty of burglary in the second degree (Penal Law § 140.25 [2]) and grand larceny in the third degree (Penal Law § 155.35) is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The judgment of conviction must be reversed, however, because County Court erred in allowing defendant to proceed *pro se.* Upon our review of the record, we conclude that the court failed to conduct a sufficiently searching inquiry of defendant to be reasonably certain that defendant appreciated the dangers and disadvantages of giving up the fundamental right to counsel (*see, People v Smith,* 92 NY2d 516, 520; *People v Slaughter,* 78 NY2d 485, 491). The record establishes that the court failed to inquire into defendant's "age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver" of the right to counsel (*People v Smith, supra,* at 520). The "searching inquiry" prerequisite was not satisfied simply by the court's repeated

observations that defendant's interests would be better served through a lawyer's representation, nor was it satisfied by the court's direction that the relieved attorney be present at trial to assist defendant (*see, People v Smith, supra,* at 521). Because the court failed to conduct a sufficient inquiry to ensure that defendant was aware of the dangers and disadvantages of representing himself, defendant's waiver of the right to counsel must be deemed ineffective (*see, People v Smith, supra,* at 520; *People v Slaughter, supra,* at 491-492).

In view of our determination, we do not address defendant's remaining contentions on appeal. (Appeal from Judgment of Onondaga County Court, Burke, J.—Burglary, 2nd Degree.) Present—Pigott, Jr., P. J., Wisner, Scudder and Lawton, JJ.