■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK DICKERSON, Appellant. [717 NYS2d 577] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered June 29, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously reversed, on the law, and the matter remanded for a new trial.

As the People commendably concede, when the court denied defendant's request for new counsel and advised him that if he continued to reject the assistance of his assigned attorney he would be deemed to have waived his right to counsel, it was required to make the requisite "searching inquiry" to determine that defendant understood the dangers and disadvantages of proceeding *pro se* (*see, People v Smith*, 92 NY2d 516; *People v Sawyer*, 57 NY2d 12). Since no such inquiry was conducted by the court prior to requiring defendant to proceed *pro se*, a new trial is required. Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Andrias, JJ.

■ In the Matter of ELAINE BROWN, Petitioner, v JASON TURNER et al., Respondents. [717 NYS2d 532] —Determination of respondent Commissioner of the State Department of Labor, dated August 27, 1999, upholding, after a fair hearing, the determination of the New York City Department of Social Services that petitioner is not disabled but only work limited and able to participate in work activities with limitations, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Louis York, J.], entered January 25, 2000) dismissed, without costs.

The Commissioner's determination that petitioner is not totally disabled, based upon respondents' physicians' medical evaluations of petitioner, is supported by substantial evidence, and therefore must be confirmed, regardless of the existence of any conflicting evidence (*see, e.g., Matter of Consolidated Edison Co. v State Div. of Human Rights*, 77 NY2d 411, 417). Concur—Sullivan, P. J., Rosenberger, Williams, Ellerin and Andrias, JJ.