■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SATROHAN SINGH, Appellant. [734 NYS2d 457] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered March 16, 1999, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly excluded the 29-day period from February 18, 1998, to March 19, 1998, and the 22-day period from April 30, 1998, to May 22, 1998, from its calculation of the period within which the People were required to announce their readiness for trial. The 29-day period was occasioned by the determination of the defendant's omnibus motion, and therefore was excludable (*see,* CPL 30.30 [4] [a]). The 22-day period resulted from a pre-trial motion made by the People and was properly excluded pursuant to CPL 30.30 (4) (a) (*see, People v Norris,* 238 AD2d 608). Accordingly, since the People were chargeable with only 173 days of delay, which is within the prescribed statutory period, the Supreme Court properly denied the defendant's motion to dismiss the indictment for lack of a speedy trial.

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. O'Brien, J. P., Friedmann, Schmidt and Townes, JJ., concur.