OPINION OF THE COURT
 

 Wesley, J.
 

 This appeal requires us to address a classic constitutional dilemma — the inherent conflict between a defendant’s right to counsel and the right of self-representation.
 

 After a jury trial, defendant Michael Arroyo was convicted of robbery in the second degree and grand larceny in the fourth degree. During trial, Arroyo informed Supreme Court of his desire to proceed pro se, expressing dissatisfaction with his at
 
 *103
 
 torney’s efforts on his behalf. After inquiring whether defendant “really want[ed]” to represent himself, the court noted:
 

 “you have a right to do it because I don’t think there’s anything wrong with you. A person has a right to represent himself, but it is usually not a good idea. * * * I don’t have to ask you any questions to know that you are sensible to some extent and have a right to represent yourself. I have to make sure that you’re of sound mind and the rest of it and I’m convinced of that. But I would like to talk you out of it because [defense counsel is] going to make a better summation.”
 

 Undaunted by these cursory warnings and committed to his own defense, Arroyo proceeded pro se. However, at the court’s request, defense counsel did stand by in the event he was needed. The Appellate Division affirmed the conviction (279 AD2d 386) and a Judge of this Court granted leave to appeal.
 

 The constitutional right to counsel is fundamental to our system of justice
 
 (see
 
 US Const 6th Amend; NY Const, art I, § 6). Implicit in the exercise of this right is the concomitant right to forego the advantages of counsel and represent oneself
 
 (see People v McIntyre,
 
 36 NY2d 10, 15;
 
 see also Adams v United States ex rel. McCann,
 
 317 US 269, 279 [recognizing right to counsel implicitly embodies “correlative right to dispense with a lawyer’s help”]). It is a “nearly universal conviction, on the part of our people as well as our courts, that forcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so”
 
 (Faretta v California,
 
 422 US 806, 817;
 
 see also People v Smith,
 
 68 NY2d 737, 739). The right to counsel and the right to forego counsel are “inherently antagonistic” ideals; in order to best promote the orderly administration of justice and insulate convictions from claims of deprivation of fundamental fairness, the right to self-representation is necessarily a qualified right
 
 (see McIntyre,
 
 36 NY2d at 14, 16-17).
 

 Thus, before proceeding pro se a defendant must make a knowing, voluntary and intelligent waiver of the right to counsel
 
 (see People v Slaughter,
 
 78 NY2d 485, 491;
 
 People v Vivenzio,
 
 62 NY2d 775, 776). In determining whether a waiver meets this requirement, the court should undertake a “ ‘searching inquiry’ ” of defendant
 
 (Slaughter,
 
 78 NY2d at 491 [citing
 
 Faretta,
 
 422 US at 835]). A defendant need not have the professional skills and experience of an attorney to choose self-
 
 *104
 
 representation. However, a defendant should be “made aware of the dangers and disadvantages of self-representation, so that the record will establish that ‘he knows what he is doing and his choice is made with eyes open’ ” (Faretta, 422 US at 835). Moreover, appropriate record evidence is required which “should affirmatively disclose that a trial court has delved into a defendant’s age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver”
 
 (People v Smith,
 
 92 NY2d 516, 520 [citing
 
 McIntyre,
 
 36 NY2d at 17]). Although we have eschewed application of any rigid formula and endorsed the use of a nonformalistic, flexible inquiry, the court’s record exploration of the issue “must accomplish the goals of adequately warning a defendant of the risks inherent in proceeding
 
 pro se,
 
 and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication”
 
 (id.
 
 [citing
 
 People v Kaltenbach,
 
 60 NY2d 797, 799]).
 

 Here, the trial court failed to secure an effective waiver of counsel necessary to allow defendant to represent himself. Although aware of the need for a “searching inquiry,” the court concluded there was no need to ask defendant any questions to know that he was “sensible to some extent.” By its summary disposition of defendant’s request, the trial court neither tested defendant’s understanding of choosing self-representation nor provided a reliable basis for appellate review
 
 (see People v Allen,
 
 39 NY2d 916, 917). Thus, the court failed, at the outset, to evaluate adequately defendant’s competency to waive counsel, to warn him of the “risks inherent in proceeding
 
 pro se”
 
 and to apprise him of the “importance of the lawyer in the adversarial system of adjudication”
 
 (Smith,
 
 92 NY2d at 520).
 

 Accordingly, the order of the Appellate Division should be reversed and a new trial ordered.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Rosenblatt and Graffeo concur.
 

 Order reversed, etc.