■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ISSAC M. DUFFY, Appellant. [750 NYS2d 228] —Appeal from a
judgment of Onondaga County Court (Aloi, J.), entered June
21, 2001, convicting defendant after a jury trial of, inter alia,
burglary in the second degree.

It is hereby ordered that the judgment so appealed from be
and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him
after a jury trial of burglary in the second degree (Penal Law
§ 140.25 [2]) and petit larceny (§ 155.25), defendant contends
that the conviction is not supported by legally sufficient evi-
dence and that the verdict is against the weight of the evidence.
We disagree. Although there were inconsistencies in the
testimony of the People's witnesses, they were not such as to
render their testimony incredible as a matter of law (*see People
v Drake,* 247 AD2d 855, 856, *lv denied* 92 NY2d 851). Viewing
the evidence in the light most favorable to the People (*see
People v Thompson,* 72 NY2d 410, 413, *rearg denied* 73 NY2d
870), we conclude that it is legally sufficient to support the
conviction. Nor can we conclude "that the jurors, 'whose cred-
ibility determinations are accorded great deference' (*People v
Clark,* 292 AD2d 816, 816-817 [*lv denied* 98 NY2d 650]), failed
to give the evidence the weight it should be accorded" (*People v
Locke,* 295 AD2d 991, 991; *see People v Bleakley,* 69 NY2d 490,
495).

Contrary to defendant's contention, County Court conducted
"a sufficient inquiry to ensure that defendant was aware of the
dangers and disadvantages of representing himself" (*People v
Duffy,* 275 AD2d 1006, 1007; *see People v Smith,* 92 NY2d 516,
520). Defendant contends that he committed various errors
during trial that prejudiced his case. A defendant who, after
sufficient inquiry, is permitted to represent himself may not be
heard to complain on appeal that he was denied effective assis-
tance of counsel (*see People v Woolnough,* 180 AD2d 837, 839,
*lv denied* 79 NY2d 1056). Even in a case in which a defendant
"is harming himself by insisting on conducting his own defense,
respect for individual autonomy requires that he be allowed to
go to jail under his own banner if he so desires and if he makes
the choice 'with eyes open' " (*United States ex rel. Maldonado v
Denno,* 348 F2d 12, 15, *cert denied* 384 US 1007). Present—
Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.