[764 NYS2d 32]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC PROVIDENCE, Appellant.

First Department, August 28, 2003

**APPEARANCES OF COUNSEL**

*Zachary H. Johnson* of counsel (*Patrick J. Hynes* on the brief; *Robert M. Morgenthau, District Attorney,* New York County, attorney), for respondent.

*John Schoeffel* of counsel (*Andrew C. Fine, The Legal Aid Society, Criminal Appeals Bureau*, attorney), for appellant.

## OPINION OF THE COURT

SULLIVAN, J.

The right to defend oneself against criminal charges is not reserved for the highly educated or those learned in the law. Rather, the right is guaranteed to all citizens, regardless of their educational background or experience. Since this record clearly shows that defendant had more than the minimum awareness of the risks involved, as well as the level of intelligence required to decide whether to represent himself, and establishes that his waiver of his right to counsel was knowing, intelligent and voluntary, we affirm, there being no other issue raised, except as to sentence, as to which no basis for reduction has been shown.

It is well settled that a defendant in a criminal prosecution has a constitutional right to represent himself/herself (*Faretta v California*, 422 US 806 [1975]; *People v Arroyo*, 98 NY2d 101, 103 [2002]; *People v Smith*, 92 NY2d 516, 520 [1998]; *People v McIntyre*, 36 NY2d 10, 15 [1974]). "[F]orcing a lawyer upon an unwilling defendant is contrary to his basic right to defend himself if he truly wants to do so" (*Faretta*, 422 US at 817). Neither a defendant's lack of knowledge of legal principles and rules of law nor his unfamiliarity with courtroom procedure provides a proper basis for denying his request to proceed pro se (*People v Ryan*, 82 NY2d 497, 507 [1993]; *People v Davis*, 49 NY2d 114, 120 [1979]; *People v Schoolfield*, 196 AD2d 111, 115 [1994], *lv dismissed* 83 NY2d 858 [1994], *lv denied* 83 NY2d 915 [1994]). The right to self-representation must be honored provided that the accused's request is unequivocal, he/she knowingly waives the right to counsel and he/she is not engaged in conduct that would interfere with a fair and orderly exposition of the issues (*Arroyo*, 98 NY2d at 103-104; *McIntyre*, 36 NY2d at 17).

Once a defendant has expressed an unequivocal request to proceed without counsel, "the court's only function is to ensure that the defendant is acting knowingly and voluntarily, that is, that the defendant is aware of the disadvantages and risks of waiving his right to counsel" (*Schoolfield*, 196 AD2d at 115). No mandatory catechism is required; the inquiry may occur "in a nonformalistic, flexible manner, but it must accomplish the goals of adequately warning a defendant of the risks inherent in proceeding *pro se*, and apprising a defendant of the singular

importance of the lawyer" (*Smith*, 92 NY2d at 520; *see Arroyo*, 98 NY2d at 104). What is required is "record evidence," which should, we are told, include information about the defendant's "age, education, occupation, previous exposure to legal procedures.and other relevant factors bearing" on whether a defendant's waiver of his right to counsel was knowing and voluntary (*Arroyo*, 98 NY2d at 104).

Moreover, in evaluating the validity of a waiver of the right to counsel, an appellate court may look beyond the trial court's inquiry in entertaining the request and consider the record as a whole (*see People v Vivenzio*, 62 NY2d 775, 776 [1984]; *People v Whitted*, 113 AD2d 454, 458-459 [1985]; *People v Reifsteck*, 134 AD2d 876 [1987], *lv denied* 70 NY2d 1010 [1988]). To succeed, a claim of error in granting a request to proceed pro se must establish that the record as a whole fails to show that the waiver was made knowingly, intelligently and voluntarily (*id.*).

Measured by these principles, defendant's waiver of his right to counsel was knowing, intelligent and voluntary. As defendant concedes, the trial court more than adequately explained the risks of self-representation and the critical importance of utilizing the services of a trained lawyer in a criminal prosecution. .The court compared self-representation in such a proceeding to performing surgery on one's own body. It warned defendant that although he might think himself qualified, he was ill-prepared to make the proper decisions during the trial due to his unfamiliarity with legal rules and governing precedent. The court further advised defendant that he would be held to the same standards as would an attorney. As the record amply demonstrates, the trial court more than sufficiently "warn[ed] defendant of the risks inherent in proceeding *pro se*, and apprise[d him] of the singular importance of the lawyer in the adversarial system of adjudication" (*Smith*, 92 NY2d at 520). It should also be noted that defendant in his pro se capacity was assisted throughout the proceedings with an attorney acting as his legal advisor.

The court also had a sufficient record basis to conclude that defendant's decision to represent himself was knowing and intelligent. It was aware that defendant had, at a minimum, a rudimentary knowledge of legal procedures and motion practice as evidenced by his explanation of another justice's earlier denial of a motion he had drafted and by his awareness of the prior proceedings before that justice in which he had unsuccessfully attempted to raise and argue pro se motions. Information in the Supreme Court file was further reflective of

defendant's intelligence and educational level and familiarity with legal·procedures. His court records indicated that defendant was 38 years of age, had earned a high school diploma through a G.E.D. program, was a student at the New York Restaurant School at the time of his arrest and had a lengthy experience with the criminal justice system, having accumulated three felony convictions. Thus, at nisi prius and on appellate review, the court file yields sufficient evidence of defendant's age, education, occupation and experience with the criminal justice system to demonstrate that his waiver of his right to counsel was knowing and intelligent. It should be stressed, however, that the question is not about defendant's competence to defend himself but, rather, his competence to waive, knowingly and intelligently, his right to counsel.

Furthermore, defendant's conduct at the proceeding in which he represented himself confirms that he was fully capable of waiving his right to counsel. At every step, he showed his awareness of the nature and purpose of the proceedings and his ability to make cogent arguments and protect his interests. In arguing for reconsideration of another justice's denial of his pro se motion concerning an alleged deficiency in the laboratory report, defendant stated that he would "like to preserve my right under CPL § 240.20, demanding the discovery of the proficiency of the chemist who tested everything right here on the record." He represented himself at the *Mapp/Dunaway* hearing, displaying knowledge of the use of inconsistent statements in grand jury testimony as an impeachment technique. He moved to preclude the People from using his prior convictions against him should he testify, appropriately questioning the relevance of the convictions and pointing out their potential for causing undue prejudice. During voir dire, he requested that the court ask prospective jurors whether they could treat testifying police officers as they would any other witness.

At trial, he made appropriate objections during direct examination and cross-examined the People's witnesses on relevant subjects, demonstrating an ability to focus on a particular theory of the case and to attempt to elicit testimony in support of that theory. Testifying in narrative form in his own behalf, defendant gave a coherent, albeit less than credible, explanation for his arrest, which complemented his trial strategy. His summation was faithful to his theory of the case.

Given the record evidence in the Supreme Court file of defendant's age, education and criminal experience, as well as defendant's conduct at the pretrial proceedings and trial, the

requirement that the record clearly reflect defendant's competence to waive his right to counsel was more than satisfied here. Defendant's only argument in this regard is that the record fails to establish that the court asked specific questions to elicit the factual items enumerated in *Arroyo*—defendant's age, education and previous exposure to legal procedures. But, as the cases teach us, no mandatory catechism is required (*Smith*, 92 NY2d at 520; *see Arroyo*, 98 NY2d at 104).

In *People v Vivenzio* (96 AD2d 728, 728 [1983], *revd* 62 NY2d 775 [1984]), for instance, the Appellate Division reversed the conviction, noting, "The trial court, without questioning the defendant in any significant way, granted his request" to represent himself. In reversing, the Court of Appeals looked beyond the colloquy to find sufficient showing in the record to determine that defendant's waiver was knowing and voluntary (62 NY2d at 776). Similarly, in *Whitted* (113 AD2d at 455), in upholding the trial court's grant of a request to proceed pro se, the Appellate Division looked beyond the colloquy that took place at the time of waiver for information relating to defendant's "extensive prior exposure to the criminal justice system" (*id.* at 458), observing that "there is no authority for the proposition that such colloquy is the exclusive method that may be used to establish the effectiveness of the waiver" (*id.*). In *Reifsteck* (134 AD2d at 876-877), there was no formal inquiry by the trial court into any of the factors bearing on the validity of the waiver of the right to counsel. Notwithstanding, the Appellate Division found a valid waiver, finding information about the defendant's age and criminal history from elsewhere in the record and taking into account his apparent understanding of the criminal justice system, ability to advance legal argument and trial performance.

Thus, this Court is entitled to look at the entire record in determining the validity of defendant's waiver of his right to counsel and his assertion of the right to proceed pro se. The format of the elicitation of the requisite items of personal information need not be in the form of scripted questions to which specific answers must be given. That would be exalting form over substance. After all, the only purpose of the inquiry is to permit the court to determine whether the waiver of the right to counsel is "competent, intelligent, [and] voluntary" (*Arroyo*, 98 NY2d at 104). Faced with a record, as here, which, when viewed in its entirety, reflects a defendant's competence to waive his right to counsel, the reversal of a conviction merely because the information supporting the waiver was not all contained in a particular colloquy is unwarranted.

Accordingly, the judgment of the Supreme Court, New York County (Charles Tejada, J.), rendered April 23, 2001, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 5½ to 11 years on the third-degree conviction and 3½ to 7 years on the fifth-degree conviction, should be affirmed.

Tom, J.P. (dissenting). Inasmuch as the court's colloquy with defendant in connection with his request to proceed pro se did not comply with the Court of Appeals' specific mandate in *People v Arroyo* (98 NY2d 101 [2002]), I conclude that a reversal is compelled. Although the trial court did discuss defendant's request and explored the advisability of proceeding with counsel, nevertheless the "searching inquiry" that has been required was not satisfied (*Arroyo* at 103). *Arroyo* specifically requires as part of this showing that the record "affirmatively disclose that a trial court has delved into a defendant's age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver" (*Arroyo* at 104, quoting *People v Smith*, 92 NY2d 516, 520 [1998]). Here, the record is clear that the trial court failed to make a "searching inquiry" to adequately evaluate defendant's competency to waive counsel, and to apprise him of the risks of self-representation and the importance of legal representation. Although I realize that in the next sentence, the *Arroyo* decision eschews reliance on any "rigid formula" (*id.*), nevertheless the decision does articulate that these factors must be explored by the court and that a record must be made of such which was not done in the present case. Additionally, although the present case predated *Arroyo*, it postdated *Smith*, which constrains our analysis. Although, as the majority points out, defendant's court file included personal information regarding his age, educational level, occupation and previous exposure to the court system, the record provides no assurance that these were ever reviewed or even considered by the trial judge. In the face of the record's silence, we cannot assume that they were factors in the court's evaluation of defendant's request bearing on a competent, intelligent and voluntary waiver. The court is required to make an appropriate record to reflect that it had considered these relevant factors so as to evaluate defendant's ability to understand the court's warning concerning self-representation (*People v Arroyo, supra*). The court failed to do so. While the majority faults

this analysis as exalting form over substance, the complaint is misplaced for present purposes: the rule originates with the Court of Appeals.

WILLIAMS and GONZALEZ, JJ., concur with SULLIVAN, J.; TOM, J.P., and MAZZARELLI, J., dissent in a separate opinion by TOM, J.P.

Judgment, Supreme Court, New York County, rendered April 23, 2001, affirmed.