OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously affirmed.
We reject defendant’s contention that he was denied his statutory right to a speedy trial pursuant to CPL 30.30 (1) (b). After subtracting the periods of delay attributable to the adjournments for pretrial discovery (see CPL 30.30 [4] [a]; People v McCray, 238 AD2d 442 [1997]; People v Jones, 105 AD2d 179 [1984], affd 66 NY2d 529 [1985]), the time during which defendant was absent or unavailable and a bench warrant was issued (see CPL 30.30 [4] [c] [i]; People v Brown, 113 AD2d 812 [1985]), the unavailability of the complaining witness who resided outside of the country (see People v Zirpola, 57 NY2d 706 [1982]; People v Robbins, 223 AD2d 735 [1996]; People v Green, 90 AD2d 705 [1982]), the adjournment requested by defendant (see CPL 30.30 [4] [bj; People v Friscia, 51 NY2d 845 [1980]; People v Lee, 217 AD2d 637 [1995]), the adjournment following defendant’s voluntary return after issuance of a bench warrant (see People v Muhanimac, 181 AD2d 464 [1992]; People v Degro, 141 Misc 2d 810 [1988]), and the periods of delay attributable to defendant’s pretrial motion practice (see People v Singh, 288 AD2d 404 [2001]; People v Norris, 238 AD2d 608 [1997]), the People did not exceed the permitted 90-day time limit (CPL 30.30 [1] [b]).
Furthermore, we find without merit defendant’s contention that because the court failed to conduct a “searching inquiry” when he indicated his intention to proceed pro se, none of the adjournments were excludable. It is firmly established that a defendant in a criminal case has a constitutional right to self-representation (Faretta v California, 422 US 806, 819 [1975]; People v Arroyo, 98 NY2d 101, 103 [2002]; People v Smith, 92 NY2d 516, 520 [1998]). That right must be upheld provided that a defendant knowingly, voluntarily and intelligently waives the right to counsel (People v Arroyo, 98 NY2d at 103; People v Smith, 92 NY2d at 520). While a court should undertake a “searching inquiry” into whether a defendant appreciates the risks of self-representation, no mandatory catechism is required for accepting a waiver (People v Arroyo, 98 NY2d at 103-104). Indeed, a court is not required to advise a defendant of every consequence of self-representation, nor is the court required to engage in any formalistic colloquy (id.). As long as a “careful *48 and realistic reading of the record” reveals that a defendant has been adequately warned of the importance of legal representation and the risks associated with proceeding pro se, the waiver will be upheld (People v Whitted, 113 AD2d 454, 455 [1985]; see People v Smith, 92 NY2d at 520).
In assessing the validity of a waiver, an appellate court’s review is not confined to the sufficiency of a trial court’s inquiry (see e.g. People v Vivenzio, 62 NY2d 775, 776 [1984]; People v Providence, 308 AD2d 200, 202 [2003]; People v Reifsteck, 134 AD2d 876 [1987]; People v Whitted, 113 AD2d at 458). To the contrary, an appellate court may look beyond that inquiry and consider factors such as a defendant’s age, education, occupation and familiarity with the criminal justice system (see People v Miley, 154 AD2d 559 [1989]; People v Whitted, 113 AD2d at 458-459). If the record, as a whole, evinces a knowing, intelligent and voluntary waiver of the right to counsel, the waiver will be deemed effective (id.).
Here, viewing the record in its entirety, we conclude that defendant’s decision to represent himself before trial was a knowing and intelligent one. Defendant — a sophisticated businessman and a former adjunct professor — repeatedly and unequivocally assured the court that he wished to proceed pro se. Before allowing him to do so, the court warned, “You know what they say about people who represent themselves,” and advised defendant to hire an attorney, noting that it would be money well spent. Moreover, defendant’s filing of a pro se speedy trial motion only underscores the informed nature of his waiver. Thus, while the court’s inquiry was sparse, it cannot be said on this record that defendant’s waiver was not entered knowingly, voluntarily and intelligently (cf. People v Reifsteck, 134 AD2d at 876 [upholding defendant’s waiver of his right to counsel despite the lack of a formal inquiry]).
Because defendant’s waiver was entered knowingly and voluntarily, we are of the opinion that defendant’s contention that all periods of prereadiness delay are chargeable to the People pursuant to CPL 30.30 (4) (f) is without merit. That provision excludes a period “during which the defendant is without counsel through no fault of the court; except when the defendant is proceeding as his own attorney with permission of the court” (CPL 30.30 [4] [f]). Here, defendant was not without counsel through the fault of the court, but rather knowingly and voluntarily waived his right to counsel (cf. People v Cortes, 80 NY2d 201 [1992]). Thus, the People should not be charged with all periods of prereadiness delay.
*49 Upon a review of the record, we find that the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
Aronin, J.E, Patterson and Golia, JJ., concur.