◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. LEE, Appellant. [796 NYS2d 492]—

Appeal from a judgment of the Chautauqua County Court (John T. Ward, Jr., J.), rendered March 31, 2003. The judgment convicted defendant, after a nonjury trial, of grand larceny in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him, following a bench trial, of grand larceny in the third degree (Penal Law § 155.35), defendant contends that the conviction is not supported by legally sufficient evidence and that County Court erred in permitting him to proceed pro se. Defendant failed to preserve for our review his contention with respect to the alleged legal insufficiency of the evidence (*see People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, that contention lacks merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We agree with defendant, however, that the court erred in permitting him to proceed pro se. Upon our review of the record, we conclude that the court failed to conduct the requisite "searching inquiry of the defendant to be reasonably certain that the dangers and disadvantages of giving up the fundamental right to counsel have been impressed on the defendant" (*People v Slaughter*, 78 NY2d 485, 491 [1991] [internal quotation marks omitted]; *see People v Arroyo*, 98 NY2d 101, 103-104 [2002]; *People v Smith*, 92 NY2d 516, 520 [1998]). The record establishes that the court failed to inquire into defendant's "age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver" of the right to counsel (*Smith*, 92 NY2d at 520). "The 'searching inquiry' prerequisite was not satisfied simply by the court's repeated observations that defendant's interests would be better served through a lawyer's representation" (*People v Duffy*, 275 AD2d 1006, 1006-1007 [2000]). We thus conclude that the court did not obtain an effective waiver by defendant of the right to counsel and that defendant is entitled to a new trial (*see Arroyo*, 98 NY2d at 104). Present—Pigott, Jr., P.J., Green, Gorski, Smith and Hayes, JJ.