■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DOGGETT, Appellant. [816 NYS2d 28]—

Judgment, Supreme Court, New York County (Charles J. Tejada, J.), rendered November 5, 2004, convicting defendant, after a jury trial, of criminal possession of marijuana in the fifth degree, and sentencing him to time served, unanimously affirmed.

Before permitting defendant to proceed pro se, the court conducted a proper inquiry in which it fully warned defendant of the dangers and disadvantages of representing himself (*see People v Arroyo*, 98 NY2d 101 [2002]). To the extent that defendant is arguing on appeal that he could not have intelligently waived his right to counsel because he lacked legal knowledge, that argument is without merit. "Neither a defendant's lack of knowledge of legal principles and rules of law nor his [or her] unfamiliarity with courtroom procedure provides a proper basis for denying his [or her] request to proceed pro se" (*People v Providence*, 308 AD2d 200, 201 [2003], *affd* 2 NY3d 579 [2004] [citations omitted]). In any event, defendant had extensive criminal justice experience, and his self-representation was effective enough to result in acquittals of several serious felonies and conviction of only a class B misdemeanor.

The court correctly denied defendant's challenge for cause to a prospective juror who stated that she recognized the trial prosecutor and believed she had known the prosecutor's father and uncle years before. The panelist expressly stated that she would be fair and impartial, and her relationship with the prosecutor, which was not even a "nodding acquaintance" (*People v Provenzano*, 50 NY2d 420, 425 [1980]), fell far short of being a basis for per se disqualification (*see e.g. People v Brymer*, 272 AD2d 163 [2000], *lv denied* 95 NY2d 904 [2000]). Concur—Friedman, J.P., Sullivan, Williams, Sweeny and McGuire, JJ.