■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN JACKSON, Appellant. [877 NYS2d 244]—

Judgment, Supreme Court, New York County (Jeffrey M. Atlas, J., at competency hearing; Michael J. Obus, J., at jury trial and sentence), rendered January 18, 2006, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 25 years to life, unanimously affirmed.

The hearing court properly found that defendant was competent to stand trial since he was able to "consult with his lawyer with a reasonable degree of rational understanding" and had a "rational as well as factual understanding of the proceedings against him" (*People v Francabandera*, 33 NY2d 429, 436 [1974], quoting *Dusky v United States*, 362 US 402 [1960] [internal quotation marks omitted]; *see* CPL 730.10 [1]). Although two psychiatric examiners opined that defendant was not competent because he insisted on pursuing a defense of posthypnotic suggestion derived from his delusions, the ultimate determination of whether a defendant is an incapacitated person is a judicial, not a medical, one (*see People v Tortorici*, 249 AD2d 588, 589 [1998], *affd* 92 NY2d 757 [1999], *cert denied* 528 US 834 [1999]; CPL 730.30 [2]). Defendant expressed a rational understanding of the judicial proceedings, the charges against him, the choices available to him, and the consequences of his decision to pursue a hypnosis defense rather than an insanity defense (*see People v Ward*, 261 AD2d 171 [1999]). The court could also rely on defense counsel's view that the defendant was able to rationally assist in his own defense (*see Tortorici*, 92 NY2d at 766-767). The record establishes that defendant had a rational basis for deciding to pursue the defense.

The trial court properly determined that defendant was competent to represent himself, since he had been found

competent to stand trial (*People v Reason*, 37 NY2d 351, 353-354 [1975]; *People v Schoolfield*, 196 AD2d 111, 116 [1994], *lv denied* 83 NY2d 915 [1994]). The court, following a thorough inquiry, properly determined that defendant made a knowing and voluntary waiver of the right to counsel (*see People v Smith*, 92 NY2d 516 [1998]).

The trial court did not err in failing to order a further psychiatric examination or competency hearing, since there was no change in defendant's functioning (*see People v Morgan*, 87 NY2d 878 [1995]). Defendant's legal advisor raised no concern about defendant's continued competence, and the court was able to interact with defendant and observe his participation in the case (*see People v Snyder*, 29 AD3d 310 [2006], *lv denied* 7 NY3d 818 [2006]).

Defendant's challenges to the prosecutor's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. The challenged remarks did not misstate the applicable law and were fair comment on the evidence (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Saxe, J.P., Buckley, McGuire, DeGrasse and Freedman, JJ.