People v Myers (2018 NY Slip Op 02361)





People v Myers


2018 NY Slip Op 02361


Decided on April 5, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 5, 2018

106436

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
SCOTT MYERS, Appellant.

Calendar Date: February 21, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Bruce Evans Knoll, Albany, for appellant, and appellant pro se.
John R. Sandleitner, Special Prosecutor, Tannersville, for respondent.


Clark, J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the County Court of Greene County (Koweek, J.), rendered April 11, 2014, upon a verdict convicting defendant of the crimes of criminal contempt in the first degree (two counts) and criminal contempt in the second degree (four counts), (2) by permission, from an order of said court, entered November 24, 2015, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing, (3) by permission, from an order of said court, entered November 24, 2015, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, without a
hearing, (4) by permission, from an order of said court, entered February 22, 2017, which, among other things, partially granted defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and set aside the sentence, and (5) from a judgment of said court, rendered April 13, 2017, which resentenced defendant.
In September 2013, defendant was charged by indictment with two counts of criminal contempt in the first degree (counts 1 and 2) and six counts of criminal contempt in the second degree, all arising out of his alleged violations of a 2006 order of protection issued in favor of his children and former spouse (hereinafter collectively referred to as the victims). Following a jury trial, at which defendant proceeded pro se with the assistance of standby counsel, defendant was convicted of both counts of criminal contempt in the first degree and four counts of criminal [*2]contempt in the second degree [FN1]. County Court sentenced defendant to an aggregate prison term of 1&frac13; to 4 years, imposed a $5,000 fine and issued an order of protection in favor of the victims. Defendant appeals from the judgment of conviction.[FN2]
Thereafter, defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction and separately moved pursuant to CPL 440.20 to set aside the resulting sentence. Without conducting a hearing, County Court denied both motions in separate orders. Defendant, by permission, appeals from both of those orders. Meanwhile, defendant successfully moved to vacate earlier convictions that served as predicate offenses for his felony convictions under counts 1 and 2 of the indictment. Defendant then moved, pursuant to CPL 440.10 and 440.20, for an order vacating and/or reducing those felony convictions or vacating the entire judgment of conviction and setting aside the sentence. County Court granted defendant's motion to the extent of reducing his convictions for criminal contempt in the first degree to convictions for criminal contempt in the second degree and ordered that defendant be resentenced on all counts, but otherwise denied the motion. Defendant, by permission, appeals from this order. County Court subsequently resentenced defendant — on his six misdemeanor convictions for criminal contempt in the second degree — to time served. County Court also issued an amended order charging defendant with applicable surcharges, as well as an order of protection in favor of the victims. Defendant appeals from this judgment.
Defendant argues that his convictions for criminal contempt in the second degree under counts 3, 7 and 8 of the indictment are not supported by legally sufficient evidence. Defendant, however, failed to preserve this argument by moving for a trial order of dismissal (see People v Hawkins, 11 NY3d 484, 492 [2008]; People v Jones, 101 AD3d 1241, 1241 [2012], lv denied 21 NY3d 944 [2013]). As defendant also asserts that these convictions are against the weight of the evidence, we necessarily evaluate whether the elements of each charged crime were proven beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Young, 152 AD3d 981, 981 [2017], lv denied 30 NY3d 955 [2017]). "To secure a conviction of criminal contempt in the second degree, the People were required to prove that defendant intentionally disobeyed or resisted the lawful process or other mandate of a court in a case other than one involving or growing out of a labor dispute" (People v Richardson, 155 AD3d 1099, 1101 [2017]; see Penal Law § 215.50 [3]).
Because, upon review of the evidence, a different result would not have been unreasonable, we must "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; see People v Rosario, 157 AD3d 988, 989 [2018]; People v LaBarge, 80 AD3d 892, 893 [2011], lv denied 17 NY3d 797 [2011]). The evidence at trial established that, by virtue of a 2006 order of protection [*3]that expires in 2019,[FN3] defendant was required to stay away from, and refrain from contacting, the victims. Defendant's testimony at trial demonstrated that he had knowledge of this order of protection and its terms at the time of the alleged violations. With respect to count 3 of the indictment, which charged defendant with violating the order of protection by visiting the residence of his ex-wife on a particular rainy evening in July 2013, the People presented the testimony of a neighbor, who stated that he had observed defendant outside the residence at the time in question. As to count 7, which alleged that defendant left letters for his son on the front porch of his ex-wife's home in August 2013, the ex-wife testified that she discovered the letters and recognized the handwriting as belonging to defendant. Additionally, a law enforcement officer testified that the ex-wife reported the incident to him and that he photographed and collected the letters, which were admitted into evidence without objection. Finally, count 8 of the indictment charged defendant with violating the order of protection by sending his ex-wife an email in August 2013. The email in question, which was copied to the ex-wife, was admitted into evidence on consent, and the ex-wife testified to receiving this email from defendant. Viewing the foregoing evidence in a neutral light, and according deference to the credibility determinations made by the jury, we find that defendant's convictions under counts 3, 7 and 8 of the indictment are amply supported by the weight of the credible evidence (see People v Richardson, 155 AD3d at 1101-1103; People v Worthy, 109 AD3d 1140, 1141 [2013], lv denied 23 NY3d 970 [2014]).
We find merit, however, in defendant's contention that County Court failed to ensure that he knowingly, voluntarily and intelligently waived his constitutional right to counsel (see US Const 6th Amend; NY Const, art I, § 6). The fundamental right to counsel carries with it the implicit, but antagonistic, "right to forego the advantages of counsel and represent oneself" (People v Arroyo, 98 NY2d 101, 103 [2002]; see People v Henriquez, 3 NY3d 210, 215 [2004]). However, "to best promote the orderly administration of justice and insulate convictions from claims of deprivation of fundamental fairness, the right to self-representation is necessarily a qualified right" (People v Arroyo, 98 NY2d at 103; see People v McIntyre, 36 NY2d 10, 16-17 [1974]). A defendant must knowingly, voluntarily and intelligently waive the right to counsel before being permitted to proceed pro se (see People v Crampe, 17 NY3d 469, 481 [2011], cert denied 565 US 1261 [2012]; People v Slaughter, 78 NY2d 485, 491 [1991]; People v Sawyer, 57 NY2d 12, 21 [1982], cert denied 459 US 1178 [1983]).
To ascertain whether a defendant's waiver of the right to counsel is knowing, voluntary and intelligent, a trial court must engage in a sufficient "searching inquiry," aimed at determining whether the defendant understands and "appreciate[s] the 'dangers and disadvantages'" of self-representation (People v White, 56 NY2d 110, 117 [1982], quoting Faretta v California, 422 US 806, 835 [1975]; see People v Slaughter, 78 NY2d at 491; People v Kaltenbach, 60 NY2d 797, 798-799 [1983]). Although the trial court need not conduct the required inquiry in a strict, formulaic manner, "it must accomplish the goals of adequately warning a defendant of the risks inherent in proceeding pro se, and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication" (People v Smith, 92 NY2d 516, 520 [1998]; see People [*4]v Crampe, 17 NY3d at 481-482; People v Arroyo, 98 NY2d at 103-104). The trial court must also elicit on the record any information that may bear on the defendant's ability to effectively waive the right to counsel, such as his or her "age, education, occupation [and] previous exposure to legal procedures" (People v Smith, 92 NY2d at 520; see People v Crampe, 17 NY3d at 482). The inquiry must both "test an accused's understanding of the waiver and . . . provide a reliable basis for appellate review" (People v Smith, 92 NY2d at 520; see People v Providence, 2 NY3d 579, 583 [2004]; People v Sawyer, 57 NY2d at 21).
County Court failed to conduct a sufficient searching inquiry on the record here. At arraignment, defendant unequivocally expressed his intention to forgo his right to counsel and to instead represent and defend himself. Despite defendant's clear expression of intent from the earliest possible opportunity, County Court made no immediate attempt, either at arraignment or subsequent pretrial proceedings, to conduct the requisite searching inquiry on the record. It was not until the first day of trial that County Court made any attempt to fulfill its obligation to determine whether defendant had knowingly, voluntarily and intelligently waived his right to counsel. At that time, County Court asked defendant a series of relevant questions relating to his background and pedigree, as well as his physical, mental and emotional capacity to represent himself. However, County Court's belated searching inquiry fell short; the court neither "tested defendant's understanding of choosing self-representation," nor warned of "the 'risks inherent in proceeding pro se'" (People v Arroyo, 98 NY2d at 104, quoting People v Smith, 92 NY2d at 520). At no point in this record did the court address the dangers and disadvantages of self-representation or impress upon defendant the "singular importance" of being represented by counsel (People v Smith, 92 NY2d at 520; see People v Arroyo, 98 NY2d at 104). In contrast, at trial and prior to trial, County Court made various unwarranted laudatory comments about defendant's aptitude for self-representation, thereby giving defendant the probable impression that his decision to proceed without counsel was in his best interest. In fact, at several points in the record, defendant undermined any conclusion that his waiver of the right to counsel was knowing, voluntary and intelligent by demonstrating a fundamental misunderstanding of the role of an attorney. For example, as a result of defendant's uninformed decision, neither he nor his standby counsel attended jury selection.[FN4]
The absence of the requisite searching inquiry may be the inadvertent product of County Court's familiarity with defendant. However, County Court's history and prior dealings with defendant does not relieve it of its obligation to conduct — and create a record of — the required inquiry (see People v Termotto, 155 AD2d 965, 966 [1989], lv denied 75 NY2d 925 [1990]), for this inquiry serves the vital purpose of ensuring that defendant knew "what [he was] doing" and made the choice to forgo counsel with his "'eyes open'" (People v Smith, 92 NY2d at 520, quoting Faretta v California, 422 US at 835). Moreover, neither County Court's statements regarding its prior experience with defendant, nor its laudatory comments regarding defendant's prior pro se performance, provide a reliable basis upon which we can conclude that defendant's waiver of the right to counsel was knowing, voluntary and intelligent (see generally People v Arroyo, 98 NY2d at 104; People v Smith, 92 NY2d at 520), particularly given defendant's statement that he had never before represented himself at a trial. Accordingly, in the absence of a sufficient searching inquiry, defendant's waiver of the right to counsel was ineffective and the judgment of conviction must be reversed and the matter remitted for a new trial on the remaining [*5]counts of the indictment (see People v Crampe, 17 NY3d at 482; People v Mitchell, 61 NY2d 580, 584-585 [1984]; People v Guarnieri, 122 AD3d 1078, 1080-1081 [2014]; compare People v Vivenzio, 62 NY2d 775, 776 [1984]).
In light of our determination, the remaining arguments raised on defendant's direct appeal, as well as the appeals from the orders and the judgment of resentencing, are academic.
McCarthy, J.P., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the judgment rendered April 11, 2014 is reversed, on the law, and matter remitted to the County Court of Greene County for further proceedings not inconsistent with this Court's decision.
ORDERED that the appeals from the orders entered November 24, 2015 and February 22, 2017 and from the judgment rendered April 13, 2017 are dismissed, as academic.



Footnotes

Footnote 1: Two of the six charged counts of criminal contempt in the second degree were deemed lesser included offenses of counts 1 and 2 and were not considered by the jury.

Footnote 2: In July 2016, a Justice of this Court granted defendant's application, made pursuant to CPL 460.50, for an order staying execution of the judgment of conviction and releasing defendant on his own recognizance pending appeal.

Footnote 3: At trial, defendant objected to the admission of the order of protection into evidence only on foundational grounds. Accordingly, the arguments that he now raises on appeal with respect to the admission of the underlying order of protection are unpreserved (see People v Romero, 147 AD3d 1490, 1492 [2017], lv denied 29 NY3d 1036 [2017]; People v Williams, 118 AD3d 1295, 1296 [2014], lv denied 24 NY3d 1090 [2014]).

Footnote 4: While defendant separately takes issue with his absence from jury selection, we need not independently reach this issue given our determination that defendant's waiver of the right to counsel was ineffective.