Matter of Marlene H. v Loren D. (2023 NY Slip Op 05225)

Matter of Marlene H. v Loren D.

2023 NY Slip Op 05225

Decided on October 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2023

Before: Webber, J.P., Oing, Gesmer, Rodriguez, Rosado, JJ. 

Docket No. O-11070/21 Appeal No. 798 Case No. 2022-03156 

[*1]In the Matter of Marlene H., Petitioner-Respondent,
v
Loren D., Respondent-Appellant.

Marion C. Perry, New York, for appellant.
Polias Law Office, P.C., Brooklyn (Kathy A. Polias of counsel), for respondent.

Order, Family Court, Bronx County (Peter J. Passidomo, J.), entered on or about March 15, 2022, which denied respondent father's motion to vacate the final order of protection after a de novo hearing, unanimously reversed, on the law, without costs, and the matter remanded to Family Court for a new hearing and determination on whether the father wishes to appear with counsel, or to knowingly, voluntarily, and intelligently waive his right to counsel, and the order of protection modified to delete the name of the mother's now adult daughter, S. C., as a protected party and shall remain in place as a temporary order of protection pending the outcome of the hearing.
As petitioner conceded at oral argument, the court failed to conduct the requisite "searching inquiry" to ensure that the father's waiver of his right to counsel was "knowing, intelligent, and voluntary" (Matter of Angel N. v Elizabeth A., 169 AD3d 596, 596 [1st Dept 2019] [internal quotation marks omitted]). While the court advised both parties that they had the right to be represented by counsel, could seek an adjournment to speak to one, and that one might be appointed to them, the court did not question the father about his background, such as age, education, or occupation, and any prior experience of being a pro se litigant or being exposed to legal procedures (see Matter of Casey N., 59 AD3d 625, 627 [2d Dept 2009], lv denied 12 NY3d 710 [2009]). It also did not caution the father against self-representation, detail the dangers and disadvantages of doing so, or inform him that he would have to follow the same legal rules as if he had been represented (see Matter of Maren R. v Manoch Robert R., 200 AD3d 583, 584 [1st Dept 2021]; Matter of Angel N. v Elizabeth A., 169 AD3d 596, 596-597 [1st Dept 2019]). Thus, the court failed to evaluate the father's competency to waive counsel and his understanding of the consequences of self-representation (see People v Arroyo, 98 NY2d 101, 104 [2002]).
Pending a new determination, the order of protection shall remain in effect as a temporary order of protection. Nevertheless, we modify it to delete the mother's now-adult daughter as one of the protected parties.
The father's claim that the court was biased against him is unsubstantiated by the record. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2023