People v Martinez

2026 NY Slip Op 50803(U)

May 21, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Right to Counsel--Wavier

The People of the State of New York, Respondent,

v

Joseph Martinez, Appellant.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts

Decided on May 21, 2026

2023-797 W CR

Present: : Joseph R. Conway, J.P., Maria S. Vazquez-Doles, Maureen T. Liccione, JJ

Thomas T. Keating, for appellant.
Westchester County District Attorney (Jill Oziemblewski of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Croton-on-Hudson, Westchester County (Sam R. Watkins, Jr., J.), rendered July 12, 2023. The judgment convicted defendant, upon a jury verdict, of driving while ability impaired by drugs, and imposed sentence.

[*1]

ORDERED that the judgment of conviction is reversed, on the law, and the matter is remitted to the Justice Court for a new trial.

By accusatory instrument dated March 16, 2020, defendant was charged with driving while ability impaired by drugs (Vehicle and Traffic Law § 1192 [4]). On November 22, 2022, defendant appeared with appointed counsel, and communicated to the Justice Court (Sam R. Watkins, Jr., J.) that he wished to represent himself. Thereafter, the court engaged in a colloquy with defendant in which it asked defendant questions concerning his education level, occupation, and experience with the criminal justice system. The court also asked defendant whether he was aware of what the next step in the proceeding was, and the "punishments that [he] could potentially face" upon being convicted. Upon hearing defendant's answers that he had graduated from high school, that he did not have a lot of experience with the court system, that he did not know the next step in the proceeding, and that "[i]t [does not] matter" what "punishments . . . [he] could potentially face," the court advised defendant that it is "helpful to have an attorney," that he was "putting [himself] in jeopardy" by representing himself, that a lot of pro se litigants are unsuccessful, and that attorneys "have experience and education that a lot of people don't have." After hearing these warnings, defendant reiterated that he wished to proceed pro se. The court permitted defendant to proceed pro se but recommended that the appointed counsel remain as standby counsel, and defendant agreed to the court's recommendation. Following a jury trial, defendant was convicted of driving while ability impaired by drugs.

"Before a defendant may choose self-representation [in a criminal proceeding], . . . the defendant must make a knowing, voluntary and intelligent waiver of the right to counsel" (People v Baines, 39 NY3d 1, 6 [2022] [internal quotation marks omitted]; see People v Crampe, 17 NY3d 469, 481 [2011]). "To ascertain whether a waiver is knowing, voluntary and intelligent, a court must undertake a searching inquiry designed to insure that the defendant is aware of the dangers and disadvantages of proceeding without counsel" (Baines, 39 NY3d at 6 [internal quotation marks and alterations omitted]; see Crampe, 17 NY3d at 481). Although the Court of Appeals has "eschewed application of any rigid formula and endorsed the use of a nonformalistic, flexible inquiry, the court's record exploration of the issue must accomplish the goals of adequately warning a defendant of the risks inherent in proceeding pro se, and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication" (People v Arroyo, 98 NY2d 101, 104 [2002] [internal quotation marks omitted]; see People v Smith, 92 NY2d 516, 520-521 [1998]).

Upon a review of the record, we find that the court failed to sufficiently warn defendant "of the risks inherent in proceeding pro se," and to apprise him "of the singular importance of the lawyer in the adversarial system of adjudication" (Arroyo, 98 NY2d at 104 [internal quotation marks omitted]). Although the Justice Court generally advised defendant that it is "helpful to have an attorney," that he was "putting [himself] in jeopardy" by representing himself, that a lot of pro se litigants are unsuccessful, and that attorneys "have experience and education that a lot of people don't have," "these brief, generalized warnings do not satisfy the requirement for a searching inquiry" (Baines, 39 NY3d at 7; see Smith, 92 NY2d at 521; People v Sawyer, 57 NY2d 12, 21 [1982]; cf. People v Blue, 42 NY3d 584 [2024]; Crampe, 17 NY3d at 476-480, 483). Further, the Justice Court did not inform defendant of the potential sentence he could face if convicted (see People v Cole, 120 AD3d 72, 75 [2014]; cf. Blue, 42 NY3d at 595; Crampe, 17 NY3d at 478), nor did it advise defendant that he would "be held to the same standards of procedure as would an attorney" (People v Vivenzio, 62 NY2d 775, 776 [1984]; see People v Dixon, 211 AD3d 1030, 1032 [2022]). The fact that defendant's counsel was not relieved, but remained in a standby capacity, does not excuse the court's failure to conduct a searching inquiry (see Smith, 92 NY2d at 521; People v Gray, 236 AD3d 1095, 1096 [2025]; People v Navarro, 96 AD2d 1126, 1126 [1983]). Lastly, the Justice Court did not adequately apprise defendant of how "the role of . . . standby counsel . . . differ[ed] from representation by an attorney" (Baines, 39 NY3d at 8; cf. People v Yu-Jen Chang, 92 AD3d 1132, 1333-1134 [2012]; People v Shareef, 61 Misc 3d 137[A], 2018 NY Slip Op 51578[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). Consequently, defendant did not knowingly, voluntarily, and intelligently waive his right to counsel.

Accordingly, the judgment of conviction is reversed, and the matter is remitted to the Justice Court for a new trial.

CONWAY, J.P., VAZQUEZ-DOLES and LICCIONE, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: May 21, 2026