The People of the State of New York, Respondent, v Alfredo Victorial, Appellant. [767 NYS2d 598]—

Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered December 7, 1999, as amended January 26, 2000, convicting defendant, after a jury trial, of aggravated sexual abuse in the first degree, rape in the first and third degrees, assault in the second degree and unlawful imprisonment in the second degree, and sentencing him to an aggregate term of 28½ to 57 years, unanimously affirmed.

Before accepting defendant's waiver of his right to counsel, the court thoroughly warned him of the risks and disadvantages of proceeding pro se, advised him of the importance of being represented by an attorney, and ascertained that his waiver was knowing, intelligent and voluntary (*see People v Arroyo*, 98 NY2d 101 [2002]; *People v Providence*, 308 AD2d 200 [2003]). Defendant had been found competent after a CPL article 730 examination, and he does not challenge that determination. Accordingly, defendant's psychiatric condition would not disqualify him from exercising his right of self-representation, because there is a single standard of competency to stand trial and to waive the right to counsel (*Godinez v Moran*, 509 US 389 [1993]; *People v Reason*, 37 NY2d 351 [1975]; *People v Schoolfield*, 196 AD2d 111, 116-118 [1994], *lv denied* 83 NY2d 915 [1994]).

The record does not support defendant's assertion that the court improperly revoked defendant's pro se status after the trial. On the contrary, the record reveals that defendant's standby counsel's participation in a presentence conference and at sentencing was entirely at defendant's request and with his approval.

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims. Concur—Buckley, P.J., Saxe, Ellerin, Marlow and Gonzalez, JJ.