**Alfredo VICTORIAL, Petitioner,**

v.

**John BURGE, Superintendent, Auburn Correctional Facility, Respondent.**

**No. 05 Civ. 6977 VM.**

United States District Court,
S.D. New York.

March 13, 2007.

**DECISION AND ORDER**

MARRERO, District Judge.

On July 19, 2005, pro se petitioner Alfredo Victorial ("Victorial") filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 27, 2006, the Court ordered that the respondent John Burge ("Burge") file a response to the petition no later than March 15, 2006. On that date, Burge filed a motion to dismiss the petition pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 2244(d)(1). On February 27, 2007, the Court dismissed Victorial's petition and indicated that it would set forth the findings, reasoning and conclusions for its ruling in a subsequent decision and order.

## I. BACKGROUND [1]

By judgment rendered by the Supreme Court of the State of New York on December 7, 1999, Victorial was convicted of aggravated sexual abuse in the first degree, rape in the first and third degrees, assault in the second degree, and unlawful imprisonment in the second degree. The Supreme Court of the State of New York, Appellate Division unanimously affirmed Victorial's judgement of conviction. *See People v. Victorial,* 2 A.D.3d 105, 767 N.Y.S.2d 598 (App. Div. 1st Dep't 2003). On March 15, 2004, the New York State Court of Appeals denied Victorial's request for leave to appeal. *See People v. Victorial,* 2 N.Y.3d 747, 778 N.Y.S.2d 472, 810 N.E.2d 925 (N.Y.2004). Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court.

Alfredo Victoria, Pine City, Petitioner, Pro se.

Jean Soo Park, Lead Attorney, Office of the District Attorney, Bronx County, Bronx, NY, for Respondent.

1. The factual summary that follows derives primarily from the Petition of Alfredo Victorial for a Writ of Habeas Corpus ("Victorial Pet."), dated July 13, 2005; the Affirmation of Petitioner Alfredo Victorial ("Victorial Affirmation"), dated September 26, 2005; and the Affidavit of Jean Soo Park in Support of Motion to Dismiss Petition for Habeas Corpus ("Park Aff."), dated March 15, 2006. Except where specifically referenced, no further citation to these sources will be made.

Pursuant to 28 U.S.C. § 2244(d), the one-year limitations period for filing a petition for a writ of habeas corpus commences "when a writ of certiorari has been denied by the United States Supreme Court or the time for seeking such a writ has expired." *Williams v. Artuz,* 237 F.3d 147, 148–49 (2d Cir.2001). The time limit for seeking a writ of certiorari to review the judgment of a state court in a criminal case is ninety days. *See* 28 U.S.C. § 2101(d); Sup.Ct. R. 13.1. Accordingly, the one-year limitations period for Victorial to file a habeas corpus application began on June 14, 2004. Victorial filed the instant application for a writ of habeas corpus on July 13, 2005—twenty-nine days after the time to file expired.

Judge Michael Mukasey of this Court, to whom this case was previously assigned, ordered Victorial to provide an affirmation detailing why his petition was late, including any facts that would show extraordinary circumstances that prevented him from filing his petition on time and that he acted with reasonable diligence in seeking to file his petition. (*See* Order dated August 5, 2005, Docket No. 3, at 2–3). Victorial responded by providing an affirmation stating that extraordinary circumstances, specifically his mental illness, required equitable tolling.

## II. *DISCUSSION*

The Supreme Court has never squarely addressed the question of whether equitable tolling is applicable to the statute of limitations provided by 28 U.S.C. § 2244(d), but it has assumed, without deciding, that equitable tolling is available when both parties have so agreed. *See Lawrence v. Florida,* —— U.S. ——, ——, 127 S.Ct. 1079, 1085, —— L.Ed.2d ——, —— (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 418 n. 8, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). In 2000, the Second Circuit followed several other circuits in permitting equitable tolling of the one-year

statute of limitations provided by 28 U.S.C. § 2244(d)(1). *See Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir.2000).

A litigant seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace,* 544 U.S. at 418, 125 S.Ct. 1807 (*citing Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). Pro se filings, although held to more lenient standards, are not excused from establishing these elements. *See, e.g., Valverde v. Stinson,* 224 F.3d 129 (2d Cir.2000) (applying general equitable tolling principles against pro se litigant); *see also Doe v. Menefee,* 391 F.3d 147, 175 (2d Cir.2004) (holding that "pro se status does not in itself constitute an extraordinary circumstance meriting tolling").

Victorial argues in his affirmation that extraordinary circumstances prevented him from filing in that he suffers from bipolar disorder, with which he was first diagnosed in 1997. (Victorial Aff. at 1.) Where failure to comply with the statute of limitations is due to a petitioner's medical condition, equitable tolling may be appropriate. *See Boos v. Runyon,* 201 F.3d 178, 185 (2d Cir.2000). However, in light of the wide variety of mental illnesses, the Second Circuit "adheres to a case-specific approach" in determining whether the particular mental illness at issue constitutes extraordinary circumstances. *Id.* Even with a case-specific approach, a petitioner's "conclusory and vague claim, without a particularized description of how [petitioner's] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights, is manifestly insufficient to justify any further inquiry into tolling." *Id.*

■ Previous cases in this Circuit have not applied a bright line rule in determining when equitable tolling should apply in cases of mental illness, but they have generally held that a petitioner must demonstrate some form of incapacitation due to the mental illness that affected his ability to act with due diligence during the time period at issue. *See Rhodes v. Senkowski,* 82 F.Supp.2d 160, 186–69 (S.D.N.Y.2000) (collecting equitable tolling cases decided on mental illness grounds which show that the condition must deprive plaintiffs of any competence or capacity to pursue their legal rights); *see also Smith,* 208 F.3d at 17. Victorial does not demonstrate that he was incapacitated for any time period during the year in which he was to file his petition with the Court, but merely states that he has "been diagnosed with a mental disorder" since 1997. (Victorial Aff. at 1.) Burge points out that during the time period of mental illness claimed by Victorial, he defended himself in his original trial, filed two appeals, and instituted the instant petition, (*see* Park Aff. at ¶¶ 6–11), and Victorial offers no explanation as to why he was able to diligently perform those tasks but was unable to file his petition within the one-year time limit. Victorial's mental illness also appears to be ongoing, continuing to have effect even as he filed his affirmation to the court to argue for extraordinary circumstances. (Victorial Aff. at 1.) Thus, Victorial's claim of mental illness does not demonstrate incapacitation and, as a result, falls short of establishing extraordinary circumstances.

■ Even if Victorial had met the burden of showing extraordinary circumstances, he would still be required to "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the ex-traordinary circumstances." *Hizbulla-hankhamon v. Walker,* 255 F.3d 65, 75 (2d Cir.2001) (*quoting Valverde v. Stinson,* 224 F.3d 129, 134 (2d Cir.2000)). Victorial does not demonstrate any such causal relationship, and he therefore fails to meet his burden here as well.

### III. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the motion (Docket No. 7) of respondent John Burge is GRANTED and the application of petitioner Alfredo Victorial is DISMISSED.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**