■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID McMATH, Appellant. [863 NYS2d 650]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered April 11, 2006, as amended April 20, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal sale of marijuana in the fourth degree, and sentencing him, as a second felony drug offender, to an aggregate term of $3^{1}/_{2}$ years, unanimously affirmed.

In the mid-afternoon of June 13, 2005, defendant was selling miniature porcelain trees from a sidewalk stand in the vicinity of 150 Fulton Street in Manhattan. He was approached by two undercover officers, who were participating in a buy-and-bust operation. When one of the officers told defendant she "was looking for another kind of trees" and informed defendant that

she had $60, he told her, "I could take care of you." Defendant then left the two officers to watch his table and walked east along Fulton Street, where he was joined by another man. When defendant was out of sight, the officer used her radio to broadcast defendant's description. A detective sitting in an unmarked car with a police sergeant heard the transmission and recognized defendant, who crossed Fulton Street and entered a fast-food restaurant with his companion, later identified as Joe Crawford. Following them inside, the detective observed defendant hand Crawford "two tins" in exchange for cash, after which the two left by the back exit. They then entered a pizza shop at 44 Ann Street, where Crawford purchased a soda while defendant left by another exit. Once inside, the detective arrested Crawford, recovering the two "tinfoils" of crack cocaine and over $750 in cash from his person.

Defendant, meanwhile, returned to his sidewalk stand holding several ziplock bags of marijuana, which he placed in a black plastic bag and handed to one of the undercover officers in exchange for cash. When the officers were well clear of the scene, police arrested defendant, recovering a small bag of marijuana and $133, $40 of which was in prerecorded bills.

Defendant argues that the court inadequately protected his Sixth Amendment right to counsel by permitting him to proceed pro se and deprived him of his right to present a defense by denying his late request to call two witnesses, namely, Joe Crawford and Samuel Simms, a pastor. These contentions are without merit.

Although represented by appointed counsel, defendant pro se interposed several pretrial motions. He expressed dissatisfaction with counsel and made a request to the motion court to represent himself. In the absence of any objection by defendant, the court disposed of the application by appointing a new County Law article 18-B attorney for defendant. Upon appearing with newly appointed counsel, defendant asked if he could act as "cocounsel," a request the court denied, stating, "You have your lawyer." The next day, at jury selection, defendant told the court that he did not want his new attorney to represent him. Defendant professed, "We can't communicate. He's a very busy man. The only time I see him is when I come to court." When the court noted that defendant would have an opportunity to spend time with counsel the following morning, defendant reiterated that he would rather be cocounsel.

The court elicited that defendant was 52 years old and a high school graduate with two years of college. Amid discussions of

other matters, the court twice asked defendant if he was sure he wanted to represent himself and, upon receiving an affirmative response, designated counsel as defendant's legal advisor. On the following day, as jury selection proceeded, defendant again reaffirmed his decision to represent himself.

A defendant may not be denied the right to waive counsel even if he is acting contrary to his best interests (*see People v McIntyre*, 36 NY2d 10, 15 [1974]) or out of ignorance of applicable law and courtroom procedure (*see People v Ryan*, 82 NY2d 497, 507 [1993]). Defendant's request to proceed pro se was unequivocal (*see McIntyre*, 36 NY2d at 17), and the court duly advised him of the perils and disadvantages of his chosen course (*see People v Smith*, 92 NY2d 516, 520 [1998]). On the record as a whole, defendant made a clear and definitive choice, which he expressed on several occasions (*see generally People v Hayes*, 293 AD2d 393 [2002], *lv denied* 98 NY2d 768 [2002]). Defendant's multiple pro se pretrial motions, which exhibited a familiarity with issues of criminal law, demonstrated that he could capably represent himself and that his decision was definite, knowing and voluntary, requiring the court to honor his request (*see Faretta v California*, 422 US 806, 835-836 [1975]; *People v Gillian*, 8 NY3d 85, 88 [2006]).

As to the attendance of witnesses, since defendant never protested that the court's failure to compel their attendance at trial violated his constitutional right to present a defense, the issue is unpreserved for review, and we decline to reach it in the interest of justice. As an alternative holding, we reject those arguments because defendant failed to disclose the content of the testimony either witness was expected to provide so as to permit the trial court to assess the merit of his application.

As to Crawford, who was a resident of New Jersey, it is the burden of a defendant seeking to compel the attendance of an out-of-state witness under CPL 640.10 to demonstrate that the testimony sought to be elicited is "material and necessary," that is, "relevant, admissible and of significance to his case" (*People v McCartney*, 38 NY2d 618, 622 [1976]). While Crawford's testimony would have been relevant, defendant did not demonstrate that it would have been material to his defense. Significantly, defendant did not explain how Crawford, who communicated to counsel that defendant had indeed sold him cocaine, might support his case. As to Pastor Simms, defendant gave absolutely no indication of the substance of the witness's expected testimony; thus, defendant provided the court with no basis upon which to assess whether the testimony would be material, noncumulative and favorable to the defense (*see Matter of*

*Anthony M.*, 63 NY2d 270, 283-284 [1984]; *People v Acevedo*, 295 AD2d 141 [2002], *lv denied* 98 NY2d 766 [2002]).

Finally, defendant was well aware of his right to testify, as indicated by his pro se *Sandoval* motion. The record is replete with instances in which the court addressed defendant's right to take the stand, and there is no basis upon which this Court might find that his right to testify was infringed. Concur—Tom, J.P., Friedman, Nardelli, Buckley and Renwick, JJ.