■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v D'JUAN COLLINS, Appellant. [908 NYS2d 49]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J., at hearings and waiver of counsel; Lewis Bart Stone, J., at jury trial and sentence), rendered August 15, 2008, convicting defendant of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to an aggregate term of eight years, unanimously affirmed.

Before permitting defendant to waive his right to counsel, the hearing court conducted a thorough inquiry, ensuring that defendant was aware of the disadvantages and risks of representing himself and of the important role of a lawyer (*see People v Arroyo*, 98 NY2d 101 [2002]; *People v Smith*, 92 NY2d 516, 520 [1998]). Moreover, even though defendant had no right to hybrid representation (*see People v Rodriguez*, 95 NY2d 497, 501 [2000]), the court permitted defense counsel to remain as a legal advisor and to conduct portions of the trial. There is nothing in the record to indicate that the court should have inquired into defendant's mental condition. To the extent that defendant is arguing that he had insufficient time to consult with counsel before deciding to represent himself, that counsel was unprepared, or that the court should have assigned new counsel, those contentions are without merit.

The trial court did not shift the burden of proof when, during defendant's pro se cross-examination of a detective, it admonished defendant to stop making unsworn statements of fact based on his asserted personal knowledge. Defendant was not entitled to use his pro se status to violate rules of evidence and procedure (*see Faretta v California*, 422 US 806, 834 n 46 [1975]). The court's admonitions were responsive to defendant's attempt to be an unsworn witness, and were not prejudicial. Even if the jury understood the court to have suggested, while addressing defendant in the jury's presence, that defendant would be testifying, any error was harmless in view of the court's thorough instructions to the jury on the burden of proof. Moreover, defendant did testify.

Defendant's challenges to the constitutionality of the court's interested witness charge are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also find there was no constitutional deficiency in the charge (*see Reagan v United States*, 157 US 301, 305-311 [1895]; *Hicks v United States*, 150 US 442, 451-452 [1893]; *People v Blake*, 39 AD3d 402, 403 [2007], *lv denied* 9 NY3d 873 [2007]).

We have considered and rejected the claims contained in defendant's pro se supplemental brief. Concur—Saxe, J.P., Nardelli, McGuire, Freedman and Abdus-Salaam, JJ.