People v Torres (2018 NY Slip Op 00093)





People v Torres


2018 NY Slip Op 00093


Decided on January 9, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2018

Richter, J.P., Tom, Kapnick, Kern, Moulton, JJ.


5349 569/14

[*1]The People of the State of New York, Respondent,
v
Johnny Torres, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Michael J. Yetter of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J. at calendar calls; Patricia M. Nuñez, J. at hearing, jury trial and sentencing), rendered July 16, 2015, convicting defendant of criminal contempt in the second degree, and sentencing him to a term of one year, unanimously affirmed.
The court properly granted defendant's request to represent himself. The combination of the trial court's colloquy with defendant and the colloquies already conducted by the calendar court was sufficient to warn defendant of the risks and disadvantages of proceeding pro se, the range of possible sentences, and the advantages of being represented by an attorney. Moreover, the trial court elicited some information covering defendant's personal background and familiarity with the criminal justice system. This was sufficient to ascertain that defendant's waiver was knowing, intelligent and voluntary (see People v Arroyo, 98 NY2d 101 [2002]; People v Smith, 92 NY2d 516, 520 [1998]). Moreover, the court permitted defense counsel to remain as a legal advisor and to conduct portions of the trial, and there is nothing in the record to indicate that the court should have inquired into defendant's mental condition at the time he sought to waive his right to counsel (see People v Collins, 77 AD3d 404 [1st Dept 2010], lv denied 16 NY3d 797 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 9, 2018
CLERK