The People of the State of New York, Respondent, 
against
Akhtar Sheikh, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (John Cataldo, J.H.O.), rendered October 27, 2014, convicting him, after a nonjury trial, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction, (John Cataldo, J.H.O.), rendered October 27, 2014, affirmed.
The accusatory instrument charging disorderly conduct pursuant to Penal Law § 240.20(5) was not jurisdictionally defective. Defendant's intent to cause public inconvenience, annoyance or alarm, or recklessness in creating such a risk, is fairly inferable from police allegations that at a specified date and time, and in front of 168 Delancey Street, defendant "le[ft] his parked vehicle in the middle of traffic with the doors open and keys in the ignition, obstructing vehicles and cyclists," and that defendant stated in the officer's presence "I don't care, I could leave it there ... it's covered by insurance" (see People v Hickson, 50 Misc 3d 127[A], 2015 NY Slip Op 51865[U][App Term, 1st Dept 2015]; see also People v Moye, 90 AD3d 472 [2011], lv denied 18 NY3d 926 [2012]).
The court properly permitted defendant to represent himself, since his request was unequivocal and he was advised of the perils and disadvantages of his chosen course (see People v Stone, 22 NY3d 520, 525 [2014]; People v Arroyo, 98 NY2d 101, 103-104 [2002]; People v McMath, 54 AD3d 566, 568 [2008], lv denied 11 NY3d 927 [2009]). Moreover, the court permitted defense counsel to remain as legal adviser throughout the trial (see People v Collins, 77 AD3d 404, 405 [2010], lv denied 16 NY3d 797 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 22, 2018