■ In the Matter of MARVIN P., Appellant. SALIL KATHPALIA, Respondent. [858 NYS2d 904]—In a proceeding pursuant to CPL 330.20 for a first retention order and a related proceeding pursuant to Mental Hygiene Law article 33 for authorization for the involuntary administration of medication, Marvin P. appeals from an order of the Supreme Court, Orange County (Horowitz, J.), dated December 21, 2006, which denied his motion for leave to proceed pro se in both proceedings.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for leave to proceed pro se in the proceeding pursuant to CPL 330.20 for a first retention order is dismissed, without costs or disbursements, as no appeal lies as of right or by permission from an interlocutory order in a CPL 330.20 proceeding (*see* CPL 330.20 [21]); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

"[B]efore proceeding pro se a defendant must make a knowing, voluntary, and intelligent waiver of the right to counsel" (*cf. People v Arroyo,* 98 NY2d 101, 103 [2002]). "In determining whether a waiver meets this requirement, the court should undertake a 'searching inquiry' of defendant" (*id.* [citations omitted]). In its order, the Supreme Court stated that it was compelled to deny the appellant's motion based on its observations of his appearance before the court, its opportunity "to assess his ability to comprehend the proceedings," and on the forensic reports submitted. Although the court did not question the appellant before making its determination, the record provides a reliable basis to conclude that the appellant could not knowingly and intelligently waive his right to counsel (*see People v Providence,* 2 NY3d 579, 583-584 [2004]). Spolzino, J.P., Ritter, Santucci and Carni, JJ., concur.