Matter of Baxi v Paul B. (2023 NY Slip Op 03623)

Matter of Baxi v Paul B.

2023 NY Slip Op 03623

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

450 CA 22-00115

[*1]SHREYAS BAXI, M.D., CLINICAL DIRECTOR OF THE MID-HUDSON PSYCHIATRIC CENTER, PETITIONER-RESPONDENT,
v
PAUL B., RESPONDENT-APPELLANT. (APPEAL NO. 2.) 

MICHAEL D. NEVILLE, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, GARDEN CITY (DENNIS B. FELD OF COUNSEL), FOR RESPONDENT-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR PETITIONER-RESPONDENT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (AMANDA M. TUCCIARONE OF COUNSEL), FOR PETITIONER-RESPONDENT. 

 Appeal, by permission of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Oneida County Court (Michael L. Dwyer, J.), dated October 25, 2021, in a proceeding pursuant to CPL 330.20. The order, among other things, authorized petitioner to continue custody and treatment of respondent in a secure psychiatric facility. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this retention proceeding pursuant to CPL 330.20, respondent appeals in appeal No. 1, by permission of this Court, from an order denying his motion to appoint an independent psychiatric examiner. In appeal No. 2, respondent appeals, by permission of this Court, from a subsequent retention order finding, after a hearing, that he currently suffers from a dangerous mental disorder (see CPL 330.20 [1] [c]) and authorizing his continued retention for care and treatment in a secure psychiatric facility.
Initially, we conclude that respondent's appeal from the order in appeal No. 1 must be dismissed inasmuch as CPL 330.20, which governs this proceeding, does not permit a defendant to appeal from an intermediate order (see CPL 330.20 [21] [a] [ii]; Matter of Marvin P., 52 AD3d 722, 722 [2d Dept 2008]; see also People v Delano F., 176 AD3d 736, 738 [2d Dept 2019], lv denied 34 NY3d 1158 [2020]; People v Tornabene, 174 AD2d 1062, 1062 [4th Dept 1991]). We note that the appeal from the final order in appeal No. 2 brings up for review the propriety of the order in appeal No. 1 (see CPLR 5501 [a] [1]; see generally Matter of State of New York v Daniel J., 180 AD3d 1347, 1348 [4th Dept 2020], lv denied 35 NY3d 908 [2020]).
We reject respondent's contention that County Court erred in denying his motion. "An indigent respondent in a civil commitment proceeding does not have an absolute right to an independent psychiatric evaluation . . . Instead, a right to present the testimony of an independent psychiatrist arises only where such testimony is necessary to a reliable assessment of an indigent respondent's mental condition" (Matter of State of New York v Johnson, 94 AD3d 1536, 1537 [4th Dept 2012] [internal quotation marks omitted]; see CPL 330.20 [15]; see also Goetz v [*2]Crosson, 967 F2d 29, 36-37 [2d Cir 1992]). Here, petitioner's expert addressed all of the factors relevant to a reliable assessment of respondent's mental condition (see e.g. Matter of Jamie R. [New York State Commr. of Mental Health], 174 AD3d 623, 624-625 [2d Dept 2019]; Matter of Rabinowitz v James M., 50 AD3d 451, 452 [1st Dept 2008]; see generally Matter of David B., 97 NY2d 267, 279 [2002]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court