■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL D. WELLS, Appellant. [14 NYS3d 6]—

Judgments, Supreme Court, New York County (Gregory Carro, J.), rendered March 9, 2011, convicting defendant, upon his pleas of guilty, of two counts of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously reversed, on the law, the pleas vacated, and the matter remanded for further proceedings consistent with this decision. Appeal from order, same court and Justice, entered on or about December 4, 2013, which denied defendant's pro se motion to vacate the judgment pursuant to CPL 440.10, unanimously dismissed, as academic.

Defendant's waiver of his right to counsel was invalid, since the court failed "to evaluate adequately defendant's competency to waive counsel, to warn him of the risks inherent in proceeding *pro se* and to apprise him of the importance of the lawyer in the adversarial system of adjudication," before granting his request to proceed pro se (*People v Arroyo*, 98 NY2d 101, 104 [2002] [internal quotation marks omitted]). In the absence of adequate warnings, it does not avail the People to rely on any other factors, such as that defendant was in his 40s and had previously represented himself in criminal cases, particularly in light of defendant's history of mental illness and substance abuse. The court's warnings long after defendant began to proceed pro se, and represented himself at important proceedings, "were incapable of retrospectively 'curing' the . . . court's error," since "[t]he critical consideration is defendant's knowledge at the point in time when he first waived his right to counsel" (*People v Crampe*, 17 NY3d 469, 483 [2011], *cert denied sub nom. New York v Wingate*, 565 US —, 132 S Ct 1746 [2012]).

Since defendant's waiver of his right to counsel was not knowing, intelligent, and voluntary, neither were his guilty pleas. Defendant pleaded guilty after representing himself at his suppression hearing, and the court denied his suppression motion in its entirety. The "court's failure to warn defendant of the risks inherent in proceeding pro se requires a new suppression hearing" (*People v Slaughter*, 78 NY2d 485, 491 [1991] [emphasis omitted]).

Since we are reversing the judgments and vacating the pleas,

we find it unnecessary to reach defendant's alternative arguments for the same relief.

Defendant's constitutional speedy trial claim is unpreserved (*see People v Jeffries*, 62 AD3d 530 [1st Dept 2009], *lv denied* 13 NY3d 745 [2009]), and we decline to review it in the interest of justice. As an alternative holding, we find that it is without merit (*see People v Taranovich*, 37 NY2d 442 [1975]). Concur—Tom, J.P., Andrias, Feinman, Gische and Kapnick, JJ.