People v Rivera (2025 NY Slip Op 07231)

People v Rivera

2025 NY Slip Op 07231

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Kennedy, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rodriguez, Michael, Hagler, JJ. 

Ind. No. 447/19|Appeal No. 5450|Case No. 2022-00583|

[*1]The People of the State of New York, Respondent,
v
William Rivera, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Karen Brill of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julia Gorski of counsel), for respondent.

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered February 3, 2022, convicting defendant, after a nonjury trial, of burglary in the second degree (two counts) and robbery in the third degree, and judgment of resentence, same court and justice, rendered February 4, 2025, resentencing him to an aggregate term of five years, unanimously reversed, on the law, and the matter remanded for new hearings and a new trial.
The court's colloquy was insufficient to establish a valid waiver of the right to counsel (see People v Smith, 92 NY2d 516, 520 [1998]; People v Perry, 198 AD3d 576, 576-577 [1st Dept 2021], lv denied 37 NY3d 1164 [2022]). Defendant's criminal history, which included drug possession and sale convictions dating back to 1992, and his in-court remarks regarding his history of substance abuse issues and present drug use constituted a "red flag" which should have triggered at least a brief inquiry into defendant's mental capacity and comprehension of the proceedings (see People v Zi, 178 AD3d 591, 592 [1st Dept 2019], lv denied 35 NY3d 1117 [2020]; People v Wells, 130 AD3d 457, 457 [1st Dept 2015], lv denied 26 NY3d 1012 [2015]). The record also does not "affirmatively disclose" that the court "delved into [] defendant's age, education, occupation, previous exposure to legal procedures and other relevant factors bearing on a competent, intelligent, voluntary waiver" (People v Arroyo, 98 NY2d 101, 104 [2002]). As the trial judge was only assigned to defendant's case about a month before trial, this was not a case where the judge "had numerous opportunities to see and hear defendant firsthand" to evaluate his knowledge and familiarity with the criminal justice system (People v Providence, 2 NY3d 579, 583-584 [2004]).
Moreover, the court's colloquy did not "accomplish the goals of adequately warning a defendant of the risks inherent in proceeding pro se, and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication" (People v Crampe, 17 NY3d 469, 482 [2011], cert denied 565 US 1261 [2012]). Although defendant correctly recited the charges against him, he also suggested that he could get convicted of additional charges, and the record does not reflect that he was ever informed of the potential aggregate sentence he faced after trial (see People v Dixon, 42 NY3d 609, 619 [2024]; see also People v Blue, 42 NY3d 584, 595-596 [2024], cert denied — US —, 145 S Ct 2778 [2025]). The court reminded defendant that he was "not trained as a lawyer" and did not "understand about cross-examination," so it was "dangerous" and not in his best interests to proceed pro se; these "brief, generalized warnings do not satisfy the requirement for a searching inquiry" (People v Baines, 39 NY3d 1, 7 [2022]). "The court failed to warn defendant about the numerous pitfalls of representing himself before and at trial, such as unfamiliarity with legal terms, concepts, and case names; the potential challenges of cross-examining witnesses and delivering an opening statement and summation as a pro se criminal defendant" (Perry, 198 AD3d at 576-577; see also CJI2d[NY] Waiver of Counsel).
Under all these circumstances, we find that defendant's waiver of his right to counsel was not knowing, intelligent, and voluntary (see People v McIntyre, 36 NY2d 10, 17 [1974]). Because defendant represented himself when he waived his right to a jury trial and during pretrial hearings, we remand for new hearings and a new trial (see People v Slaughter, 78 NY2d 485, 493 [1991]; Perry, 198 AD3d at 577).
We are ordering new hearings and a new trial. Therefore, we do not reach defendant's remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025